W. E. BOWYER et al., Respondents, v. W. J. BRADFORD et al., Appellants.

Kansas City Court of Appeals, February 19, 1912.

REAL ESTATE AGENTS: Partnership: Division of Commission. If one member of a partnership makes an agreement with a member of another partnership of real estate agents, on behalf of their respective firms, whereby whenever one would furnish a farm to the other to sell to the latter's customer, that they would divide commissions received; and afterwards the partnership of one of the firms was dissolved by one member withdrawing, and a new firm organized by a new man associating himself with the remaining member, and the new member, knowing of the contract, made a sale of a farm furnished by the other firm, *held*, that the new firm recognized the contract made with their predecessor and were liable for one half of the commission received.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*James M. Houston* and *T. B. Buckner* for appellants.

*E. S. Bennett, Strother & Campbell* for respondents.

(1) Respondents did not deny partnership under oath and it stands admitted. R. S. 1909, sec. 1985; Nephler v. Woodward, 200 Mo. 179; Tyrrel v. Milliken, 135 Mo. App. 293.   (2) Where one asks and receives service there is an implied contract to pay. By appellants asking for information and receiving it, there was an implied contract to pay therefor as found by the trial court. Levitt v. Miller, 64 Mo. App. 147; McQueen v. Wilson, Adm'r, 51 Mo. App. 138; Thomas v. Lumber & C. Co., 43 Mo. App. 653.   (3) This court will not disturb a finding of the trial court, where there is any substantial evidence in support thereof. Furniture & C. Co. v. Davis, 86 Mo. App. 296; Swayze v. Bride, 34 Mo. App. 414; Caruthers v. Williams, 58 Mo. App. 101; Arnold v. Ins. Co., 55 Mo. App. 149. (4) Custom of real estate agents to divide commission was plead and proven in this cause. Cameron v. Real Estate Co., 76 Mo. App. 366; Baer v. Glasner, 90 Mo. App. 289.   (5) There was no competent evidence offered by appellant excluded and no incompetent evidence on behalf of appellee admitted over objection of appellants.

ELLISON, J.—Plaintiffs are partners as real estate agents, and the defendants are, also.   Plaintiffs claim that they had an agreement with defendants that if one firm found a purchaser for lands the other firm had for sale, they would divide commissions; and that under this agreement they furnished defendants a farm, which they had for sale, which defendants sold to a customer they had who desired that kind of premises. Defendants made the sale but denied the agreement to divide commissions. Plaintiffs thereupon brought this action, before a jus-

tice of the peace.  On appeal to the circuit court they recovered judgment in a trial had without the aid of a jury.

Since the trial court found for plaintiffs, we must accept as the facts of the case all that the evidence in plaintiffs' behalf tends to prove and all reasonable inferences which may be drawn therefrom.

It appears that the contract claimed by plaintiffs to have been made, was originally entered into with the predecessor of the present defendants, under the partnership name of Allen & Brawner, the latter being a member of the present partnership; and undoubtedly there was evidence sufficient to sustain a finding that the contract was made.  But before anything was done under the contract, the firm of Allen & Brawner was dissolved, by Brawner going into partnership with Bradford under the name of Bradford & Brawner, and it is the latter firm which is sued on the contract made with the former.

Plaintiffs claim that the present partners recognized the contract and put it into practical force by taking land from plaintiffs to sell to their customer. Defendants deny this.  We think there is sufficient evidence that the new firm recognized the old contract and carried it out as though no change in the membership had occurred.  The contract was originally made with Brawner, who remained with the new firm, and negotiations with plaintiffs were carried on by Bradford (the new member) as evidenced by telephone communication and other circumstances.

In view of the fact that the action was begun before a justice of the peace, we think the statement or petition is sufficient.

It is plain that defendants are disappointed in the result of the trial on the facts, but it is a mistake to say that there is no substantial evidence to uphold the finding made by the circuit court, and hence we affirm the judgment.  All concur.